Sotero Pluguez, Plaintiff and Appellant, *v.* Pension Board for Permanent Officers and Employees of the Insular Government, Defendant and Appellee.

No. 6975. Argued November 17, 1936.—Decided December 8, 1936.

*Luis Tirado Géigel* for appellant. *B. Fernández García, Attorney General of P. R.* and *Luis Janer, Assistant Prosecuting Attorney* for appellee.

Mr. Justice Travieso delivered the opinion of the Court.

The petitioner has taken the instant appeal from judgment of the District Court of San Juan, refusing to issue a

writ of mandamus to the Pension Board for Permanent Officers and Employees of the Insular Government, directing the board to grant petitioner the benefit of a pension on account of involuntary separation from the services in accordance with the provisions of Section 9 of Act No. 104 of September 2, 1925 (Laws, p. 948), which reads as follows:

"Section 9.—If an officer or employee of forty or more years of age, to whom this Act is applicable, after having served for a total period of not less than fifteen years and before he is entitled to retire, is involuntarily separated from the service for any reason except removal from the classified or unclassified Civil Service, such officer or employee shall be entitled to an annual life pension equal to two (2) per cent of his average basic annual salary or compensation during the last seven years of computable service, multiplied by a number of years of service. If an officer or employee receiving a pension under the provisions of this section returns to active service, his pension shall cease and he shall again contribute to the retirement fund of the officers and employees of the Civil Service in the same manner and in the same proportion as he contributed prior to his separation from the service. At the time of his subsequent retirement, he shall be credited with such services as he rendered prior to his separation from the Government and the service rendered after having returned to active service."

The petitioner avers that he was employed in the service of the Insular Government, as overseer of roads, until June 30, 1932, upon which date he ceased in such employment, for the reason that the same had been suppressed or abolished in making a reorganization of the service under an administrative ruling of the Department of the Interior; and that until that date and at different times, the petitioner had furnished to the Insular Government permanent services during a period of more than fifteen years.

During the month of June, 1932, while the petitioner was discharging his office of overseer, he presented to the respondent board a petition for a pension, which was denied upon the ground that the petitioner was occupying a position created by the Commissioner of the Interior, with a salary

**664**

charged against a lump appropriation, not specifically appropriated in the Insular budget, and that the petitioner was therefore subject to the risk of administrative suppression or abolition of such position, and that Section 9 of the Retirement Act, above, was consequently inapplicable.

There is no dispute whatever with respect to the facts set forth in the petition. The single legal question which we must decide is whether under such facts the appellant has acquired a right to receive the pension which he seeks.

The pension on account of involuntary separation provided for in Section 9 of the Retirement Act, *supra,* may only be granted to an "officer or employee of forty or more years of age, *to whom this act is applicable,*" who shall have been separated from the service after having served for a total period of not less than fifteen years.

Section 1 of the Retirement Act provides:

"Section 1.—The retirement of the permanent *officials and employees* of the Insular Government of Porto Rico is hereby established. This Act shall cover all officials and employees of the classified and unclassified civil service of the Insular Government of Porto Rico with the exception of the Judges of the Supreme Court, professors of the University of Porto Rico, public-school teachers, members of the Insular Police and municipal employees." (Italics ours.)

It is evident that to be entitled to the pension granted by Section 9, *supra,* the petitioner must have been more than forty years of age and must have served the Insular Government for more than fifteen years. He must be also *a permanent official or employee* of the Insular Government and as such included with in the Civil Service, whether classified or unclassified.

In this case it is admitted that the petitioner is more than forty years old, that he has been employed by the Insular Government for more than fifteen years, and that he was separated from the service by reason of the suppression of the position which he occupied. There has been no con-

troversy as to whether the position of overseer of roads which petitioner was occupying is or is not included within the classified Civil Service. The single question submitted for decision to the court below was whether the incumbent of such position was a *permanent employee* of the Insular Government and as such entitled to the pension provided by the statute. The decision was adverse to the petition, the judgment upholding the position adopted by the defendant board.

We believe that there are other requirements or conditions which a petitioner for a pension must fulfill before he can require the Pension Board, as a ministerial duty, to grant the pension provided by statute for the benefit of permanent employees in the Civil Service. We refer to the payment of the assessments which employees covered by the statute must make and from which the Pension Fund is made up for the payment of pensions.

Neither in the complaint filed by the petitioner nor in the stipulation signed by his attorney and by the attorney for the defendant Board, is any mention made of the fact that the petitioner may have in any manner contributed to the Pension Fund for Civil Service Employees of Puerto Rico, established by Sections 13 and 15 of Act No. 104 of September 2, 1925.

We are of the opinion that the fact of the payment of assessments or of the deduction thereof by the Auditor of Puerto Rico, as provided in Section 13, *supra,* is absolutely essential and necessary in order that the action sought to be maintained by the petitioner may be sustained.

Similarly no mention has been made in the petition as to the respective dates of the different periods of time during which the petitioner alleges to have served the Insular Government and which taken together total more than fifteen years of service. We consider that a specification of such dates is absolutely necessary in order to determine whether or not the petitioner is entitled to the pension for which he

prays. Act No. 22 of September 22, 1923 (Laws of 1923, Special Session, p: 157) providing for the retirement of permanent officials and employees of the People of Puerto Rico, is not compulsory in nature. It is expressly provided therein (Section 1) that the employees or officials comprised within the act, who commence to serve on or after December 1, 1923, may waive their benefits within thirty days after the date of their appointment. If they do not do so, the Auditor of Puerto Rico shall proceed to make the discounts provided for in the act.

The statute now in force, No. 104 of 1925, provides:

"Section 18.—Any officer or employee comprised in this Act, who as such has not contributed to the Pension Fund created under Act No. 22 of 1923, and who desires to be given credit for services rendered from January 1, 1924, to the date on which this Act takes effect, may be granted said credit provided he pays to the retirement fund two (2) per cent of his salary during said period of time; *Provided,* That failure to make such payment shall not deprive said officer or employee comprised in this Act of credit for services rendered prior to January 1, 1924."

The record before us contains no showing to assist us in deciding whether the petitioner claimed credit for services rendered by him during the period from January 1, 1924 to November 30, 1925, or whether such petitioner paid to the Pension Fund the 2 per cent of his salaries earned during such period. The payment of that 2 per cent is without any doubt whatever a condition precedent to the right to claim credit for services earned during such time. The petitioner has not put us in the position to decide this question.

We could perhaps assume that the payments to the Pension Fund were deducted from the petitioner's salary for the period covered by Act No. 104 of 1925, that is, from November 30, 1925 to June 30, 1932, since such act is compulsory in nature. Such assumption would not, however, be sufficient to prove petitioner's case, since that period of time, which is that comprised between the date upon which the

act became effective and the date upon which the petitioner ceased in his employment, covers only six years and six months of the fifteen years which the petitioner must have served in order to be entitled to a pension under the provisions of Section 9 of Act No. 104, *supra.*

We could not in any event presume that the Auditor deducted from the petitioner's salary or that the petitioner paid the Pension Fund, while Act No. 22 of 1923 was in force, 2 per cent of his salary as provided by Section 7 of that act. If the period of time covered by Act No. 22 of 1923 forms part of or is necessary to complete the fifteen years of service rendered by the petitioner, the petitioner must allege and prove that during the time such act was in force, he paid or the Auditor deducted the legal payment. See *Pérez Almiroty* v. *Pension Board,* 49 P.R.R.

Similarly the petitioner has not alleged or proved the date upon which he was originally employed, or the period of time during which he rendered services prior to January 1, 1924, so that we may determine whether such period, together with that served after the effective date of Act No. 104 of 1925, is sufficient to make up the fifteen years of service required by law.

The Pension Fund is a fund created by the Government, for the benefit of its permanent employees in the Civil Service, from whose salary or basic compensation, 3 per cent is deducted. That fund is devoted exclusively to the payment of pensions, and it seems reasonable that such pensions should be granted only to those employees who contributed with their payments to create and sustain the common fund.

We are inclined to agree with the appellant in that the employment involved in this case is permanent in nature and included within the classified Civil Service of the Insular Government. Furthermore we would be inclined to hold that he is entitled to the pension for which he prays, if he has fulfilled the requirements set forth in the course of this

668

opinion. See Civil Service Act, Sections 4 and 5; Section 13, Act No. 104 of 1925.

If the petitioner has contributed with his payments to create and maintain the Pension Fund, it would be unjust to deprive him of the rights granted by the act to those who do so. It would, however, be likewise notoriously unjust to permit a person to enjoy a pension if he had not contributed to the creation and maintenance of a fund created and maintained by the payments of other public employees

The appellant has not put us in a position to enter a judgment with the full and absolute knowledge that we are doing an act of justice. Since we do not wish to deprive the petitioner of the rights which he may have to participate in the Pension Fund, we believe that it is proper to vacate the judgment appealed from and to remand the case to the court from which it comes for further proceedings which may be proper, the petitioner being granted the necessary **leave to amend his petition** and to set forth the facts which we consider essential for the success of a claim of this nature, if it be possible for him to do so.

Mr. Chief Justice Del Toro took no part in the decision of this court.